IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 1 3 2013

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 4:13cr 149 |
| | § | Judge Schell |
| QUYEN THUC HA (1) | § | |
| a.k.a "Tony Ha" | § | **SEALED** |
| YU LIN CHANG (2) | § | |
| a.k.a "Rica" and "Jennifer" | § | |
| KIM SEY LAU (3) | § | |
| a.k.a. "John Wang" and "Tony" | § | |
| LAI IONG CHIU (4) | § | |
| a.k.a. "Mindy," "Winnie," "Wendy," and | § | |
| "Li Yan Zhou" | § | |
| XIA XU (5) | § | |
| a.k.a. "Coco" | § | |
| YU QIAN (6) | § | |
| a.k.a. "Maggie" | § | |
| LI MENG SHANK (7) | § | |
| PRAPATSON VERHOTZ (8) | § | |
| TIN MIN LO (9) | § | |
| a.k.a. "Gordon" | § | |
| MICHAEL JONES (10) | § | |
| JIA-HER HWANG (11) | § | |
| a.k.a. "Jack" | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 371
(Conspiracy to Use Interstate Facility to
Promote, Manage, Establish, Carry On and
Facilitate Unlawful Activity in violation of
18 U.S.C. § 1952(a)(3))

Indictment—Page 1

Introduction

At all times material to this Indictment:

1. Defendant **Quyen Thuc Ha, a.k.a. "Tony Ha"** (**Ha**), owns and operates the Asian Therapy Center ("15th Street"), Wellness Therapy ("19th Street"), the Aljunni Massage, a.k.a. Ni-Ni-Ja Foot Massage ("Alma Drive"), and Golden Spring Asian Spa ("Spring Creek Parkway"). These four businesses are located in Plano, Texas in the Eastern District of Texas. **Ha** also owns and operates the Rosemeade Spa ("Rosemeade Spa"), Spring Creek Village ("Spring Creek"), JJ Asian Health Center ("Alpha Road"), and D-Spa ("Coit Road"). These four businesses are located in Dallas Texas. **Ha** also owns and operates the Hurst Asian Spa ("Hurst Spa") located in Hurst, Texas. All of these identified businesses operate as massage parlors, but, in reality, function as places of prostitution. Collectively, they are referred to as "**Ha's** brothels."

2. **Ha** resides in Richardson, Texas, in the Eastern District of Texas.

3. Defendant **Yu Ling Chang, a.k.a. "Rica"** and "**Jennifer**" (**Chang**), resides on Cromwell Street in Plano, Texas, in the Eastern District of Texas ("**Chang's** residence"). **Ha** and **Chang** operate and manage **Ha's** brothels. **Ha** refers to **Chang** as his "wife."

4. Defendant **Kim Sey Lau, a.k.a. "John Wang"** and "**Tony**" (**Lau**), resides on Jereme Trail in Dallas, Texas, in the Eastern District of Texas ("**Lau's** residence").

5. Defendant **Lai Iong Chiu, a.k.a. "Mindy," "Winnie," "Wendy,"** and "**Li Yan Zhou**" (**Chiu**), resided at **Chang's** residence.

6. **Lau** and **Chiu** operate an Internet-based "massage business" that provides out-call/in-call prostitution services. **Lau** also manages a residential brothel located on Kit Lane in Dallas, Texas.

Indictment—Page 2

7. **Ha's** brothels and **Lau** and **Chiu's** Internet-based out-call/in-call prostitution services are collectively referred to as the "business enterprise."

8. Defendant **Xia Xu, a.k.a. "Coco" (Xu)**, works as a prostitute for the business enterprise.

9. Defendant **Yu Qian, a.k.a. "Maggie" (Qian)**, works with **Ha** and **Chang** to manage **Ha's** brothels. **Ha** refers to **Qian** as his "sister."

10. Defendant **Li Meng Shank (Shank)** lives at **Chang's** residence and works in **Ha's** brothels.

11. Defendant **Prapatson Verhotz (Verhotz)** works as a prostitute for the business enterprise.

12. Defendant **Tin Min Lo, a.k.a. "Gordon" (Lo)**, works as a driver to assist in transporting prostitutes for **Lau** and **Chiu**.

13. Defendant **Michael Jones (Jones)** travels in interstate commerce to facilitate the business enterprise by, among other things, renting apartments and securing bail bonds for prostitutes.

14. Defendant **Jia-Her Hwang, a.k.a "Jack" (Hwang)**, works as a driver to facilitate the business enterprise by transporting prostitutes for **Ha, Chang**, and **Lau**.

15. Texas Penal Code § 43.02 defines Prostitution as an offense wherein a person knowingly offers to engage, agrees to engage, or engages in sexual conduct for a fee.

16. Texas Penal Code § 43.04 defines Aggravated Promotion of Prostitution as an offense wherein a person who knowingly owns, invests in, finances, controls, supervises or manages a prostitution enterprise that uses two or more prostitutes.

17. Detective Brant Hickman (Hickman) with the Plano, Texas Police Department and

Detective Paul Park (Park) with the Dallas, Texas Police Department work in an undercover capacities posing as corrupt police officers.

The Conspiracy and its Objects

18.    From in or about January 2010 and continuing until the date of this Indictment, in the Eastern District of Texas and elsewhere, **Ha, Chang, Lau, Chiu, Xu, Qian, Shank, Verhotz, Lo, Jones,** and **Hwang,** knowingly and willfully conspired and agreed together, and with other persons known and unknown to the Grand Jury, to travel or cause another to travel in interstate and foreign commerce, and to use facilities of interstate commerce, namely the Internet, cellular telephones, and interstate commercial carriers, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is a business enterprise involved in prostitution in violation of Texas Penal Code § 43.02 (Prostitution) and Texas Penal Code § 43.04 (Aggravated Promotion of Prostitution), and thereafter performed acts and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, in violation of 18 U.S.C.  § 1952(a)(3).

Manner and Means of the Conspiracy

It was part of the manner and means of the conspiracy that:

19.    Some of the conspirators acquired business and residential locations to operate brothels and an out-call/in-call prostitution business, in the Eastern District of Texas and elsewhere.

20.    **Ha's** brothels at 15th Street, 19th Street, Alma Drive, Rosemeade Spa, Spring Creek, Alpha Road, Coit Road, and Hurst Spa are advertised as "massage parlors" and provide a place for prostitutes to perform massage and prostitution services for customers in exchange for a

Indictment—Page 4

fee.  **Ha's** brothels accept cash and credit cards for services rendered by the prostitutes to customers.

21.    Some of the conspirators rented residential properties to facilitate the business enterprise, including apartments and homes located in St. Louis, Missouri, Oklahoma City, Oklahoma, and Dallas and The Colony, Texas.

22.    Some of conspirators advertise the business enterprise's brothel locations and out-call/in-call services on the Internet, using www.backpage.com and in printed advertisements published in a local newspaper.

23.    Some of the conspirators use cellular telephones to facilitate the out-call/in-call prostitution business.

24.    One or more of the conspirators purchase bulk quantities of Crown condoms to provide to the prostitutes.  Crown condoms are manufactured by Okamoto, U.S.A., Inc., in Stratford, Connecticut and are shipped in interstate commerce.

25.    Prostitutes are transported from California, Nevada, and Georgia, among other locations, to Texas to work for the business enterprise at various locations.  The business enterprise pays for the prostitute's airfare either to or from Texas, and the prostitutes are required to pay for the other leg of the trip.  Prostitutes work for approximately three to four weeks and are rotated among the business enterprise's locations.  After their rotation among the business enterprise's locations have concluded, the prostitutes depart Texas.  If a prostitute is successful working for the business enterprise, she may remain in Texas for a longer period of time.

26.    Some of the conspirators transport the prostitutes to and from the airport and among the business enterprise's locations.

27.    Beginning, at least, in or about March 2011 and continuing until the date of the

Indictment—Page 5

Indictment, **Ha** makes regular bribe payments to Detective Hickman and Detective Park.  These bribe payments are intended to obtain police protection for **Ha's** brothels, to assist in having criminal charges filed against prostitutes and business managers dismissed, and to identify additional locations for the business enterprise.

Overt Acts

In the furtherance of the conspiracy and to effect the objects thereof, the conspirators committing the following overt acts, among others, in the Eastern District of Texas and elsewhere:

28.  During the course of the conspiracy alleged herein, one or more conspirators posted advertisements on www.backpage.com and in a local newspaper publication.

29.  On or about January 13, 2010, **Chiu** and **Verhotz** engaged in prostitution activities at Haymeadow Drive, in Dallas, Texas.

30.  On or about January 25, 2011, **Jones** traveled from Texas to St. Louis, Missouri, to finalize a lease for an apartment used by the business enterprise.

31.  On  or about February 22, 2011, **Chang** hired an unlicensed massage therapist at 15th Street and was arrested.

32.  On or about February 24 or 25, 2011, **Chang** contacted Detective Hickman and left a voicemail message for Hickman to contact her.

33.  On or about March 3, 2011, **Ha** sent a text message to Detective Hickman and offered to pay a sum of money to Hickman for "help" with a "business."

34.  During the course of the conspiracy alleged herein, **Chiu** traveled from Texas to Oklahoma City, Oklahoma, to rent an apartment used by the business enterprise.

35.  On or about March 3, 2011, **Jones** traveled from Texas to Oklahoma City,

Oklahoma and paid the bail bond to secure the release of the prostitute arrested on March 2.

36.   On or about March 4, 2011, **Chiu** and **Lo** traveled from Texas to Oklahoma City, Oklahoma.  **Lo** possessed Crown condoms during this trip.

37.   On or about March 7, 2011, **Ha** and **Chang** met with Detective Hickman in Plano, Texas.  During this meeting, **Chang** and **Ha** indicated they would be willing to pay Detective Hickman for his assistance in keeping 15th Street open.  **Ha** and **Chang** told Detective Hickman that **Chang** could not have a conviction on her record, stemming from her arrest at 15th Street, as described in paragraph thirty-one.  During the meeting, **Chang** wrote the symbol "$" on a piece of paper along with the numeral "7" and showed the message to Hickman.

38.   On or about March 23, 2011, **Ha** met with Detective Hickman in Plano, Texas.  **Ha** gave Detective Hickman an envelope containing $2,000 and stated the money was "for 15th Street."

39.   On or about March 22, 2011, a prostitute agreed to engage in sexual activity for a fee at an apartment in The Colony, Texas.  Later that same day, **Lau** transported the prostitute from the apartment to a hotel in Plano, Texas.  **Lau** then transported the prostitute from the hotel to the apartment.

40.   On or about May 4, 2011, **Lau** and **Chiu** drove from **Chang's** residence to the residence at Kit Lane, in Dallas, Texas.  Later, **Lau** and **Chiu** drove from Kit Lane to an apartment on Marsh Lane, in Addison, Texas.

41.   On or about May 5, 2011, **Lau**  possessed a trash bag containing approximately three dozen used Crown condoms, which he removed from the apartment at Marsh Lane in Addison, Texas

42.   On or about July 14, 2011, **Lo** transported a female to a hotel in Plano, Texas and

possessed of a grocery sack containing Crown condoms and approximately $2,920 in U.S. currency.

43. On or about July 23, 2011, **Lau** posted an advertisement titled "Asian Fantasy" on www.backpage.com, and paid for the advertisement with his credit card. The advertisement listed a telephone number subscribed to by **Chiu.**

44. On or about September 6, 2011, **Xu** and **Qian** worked at 15th Street.

45. On or about September 6, 2011, **Ha** met with Detective Park in Plano, Texas. **Ha** told Park that he was willing to pay up to $10,000 per month to Park for Park's help to identify new brothel locations, direct law enforcement actions against competitors, protect **Ha's** existing brothels, and remove any charges filed against **Ha's** prostitutes.

46. On or about October 27, 2011, **Ha** met with Detective Park in Plano, Texas. **Ha** paid Park a $10,000 bribe for Park's assistance in the dismissal of prostitution charges against **Verhotz.**

47. On or about November 11, 2011, **Chang** identified herself as the manager of 15th Street, where **Shank** was employed.

48. On or about December 12, 2011, **Qian** and **Shank** worked at the Alma location.

49. On or about January 27, 2012, **Xu** worked at the Alma location.

50. On or about February 29, 2012, **Lau** visited **Chang's** residence.

51. On or about March 6, 2012, **Chang** and **Chiu** departed **Chang's** residence and delivered groceries to Kit Lane in Dallas, Texas.

52. On or about May 2, 2012, **Ha** paid Detective Park a $5,000 bribe in Plano, Texas. **Ha** informed Park that **Chang** is responsible for placing advertisements for the brothels on www.backpage.com. **Ha** stated that Alpha Road was being staffed by two females from Las

Vegas, Nevada.  **Ha** also stated that he paid for the two females' airfare to Texas, but the females were responsible for their return trips.  **Ha** further stated that if a female was frequently requested by a customer, she may stay longer than thirty to forty-five days.

53.  On or about June 11, 2012, **Chiu** agreed to engage in sexual acts for a fee at a hotel in Plano, Texas.  **Chiu** possessed four cellular telephones and an Enterprise Plus card bearing **Lau's** name.

54.  On or about June 11, 2012, **Lo** drove **Chiu** to a hotel in Plano, Texas.  **Lo** possessed $5,854 in U.S. currency, a credit card statement with itemized charges made to www.backpage.com, and two Crown condoms.

55.  On or about June 21, 2012, **Ha** paid Detective Park a $5,000 bribe in Plano, Texas. **Ha** advised Detective Park that he was waiting for his "wife" and "sister" to bring two females from Las Vegas, Nevada to staff the Rosemeade Spa.  **Ha** also told Park that he was moving one female from Alpha Road, while he was waiting on the two females to arrive.  **Ha** further told Park that the Hurst Spa was open, and the female would see clients after 5 p.m. to avoid city health inspections.

56.  On or about August 13, 2012, **Lau** caused two cases of Crown condoms to be shipped from Stratford, Connecticut to Addison, Texas.

57.  On or about November 1, 2012, **Hwang** transported a female with a suitcase to **Lau's** residence.

58.  On or about January 2, 2013, **Xu** agreed to engage in sexual activity for a fee at Kit Lane in Dallas, Texas.

59.  On or about February 27, 2013, **Qian** paid for an airline ticket for **Xu's** travel from Dallas, Texas to Las Vegas, Nevada on February 28, 2013.

60.   On or about January 14, 2013, **Hwang** transported a female with a suitcase to Alpha Road.

61.   On or about March 11, 2013, **Verhotz** agreed to engage in sexual activity for a fee while working at Alpha Road.

62.   On or about May 17, 2013, **Ha** paid Detective Hickman an $8,000 bribe in Plano, Texas.  **Ha** told Detective Hickman that he had obtained an apartment on Park Boulevard in Plano, Texas, where the prostitutes working in his brothels could stay.

63.   During the course of the conspiracy alleged herein, **Shank** leased an apartment on Park Boulevard in Plano, Texas, and listed **Qian** as the emergency contact on the lease application.

64.   On or about May 20, 2013, **Qian** departed the apartment located on Park Boulevard in Plano, Texas.

65.   On or about May 28, 2013, **Qian** departed the apartment located on Park Boulevard in Plano, Texas and drove to Rosemeade Spa.

66.   The Grand Jury hereby realleges and incorporates, as though fully set forth herein, Counts Two through Seven of this Indictment as overt acts of this conspiracy.

All in violation of 18 U.S.C. § 371.

### Count Two

> <u>Violation</u>: 18 U.S.C. §§ 1952(a)(3) and 2
> (Use of Interstate Facility to Promote,
> Manage, Establish, Carry On and Facilitate
> Unlawful Activity)

1.   The Grand Jury realleges paragraphs one through sixty-five of Count One of this Indictment, as fully set forth herein.

2. From in or about February 2011 and continuing until the date of this Indictment, in the Eastern District of Texas and elsewhere, **Quyen Thuc Ha, a.k.a. "Tony Ha"** and **Yu Ling Chang, a.k.a. "Rica"** and **"Jennifer,"** defendants, knowingly caused another to travel in interstate and foreign commerce, and to use facilities of interstate commerce, namely the Internet, cellular telephones, and interstate commercial carriers, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is a business enterprise involved in prostitution in violation of Texas Penal Code § 43.02 (Prostitution) and Texas Penal Code § 43.04 (Aggravated Promotion of Prostitution), and thereafter performed acts and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3) and 2.

## Count Three

> Violation: 18 U.S.C. §§ 1952(a)(3) and 2
> (Use of Interstate Facility to Promote,
> Manage, Establish, Carry On and Facilitate
> Unlawful Activity)

1. The Grand Jury realleges paragraphs one through sixty-five of Count One of this Indictment, as fully set forth herein.

2. From on or about January 2010 and continuing until the date of this Indictment, in the Eastern District of Texas and elsewhere, **Lai Iong Chiu, a.k.a. "Mindy," "Winnie," "Wendy,"** and **"Li Yan Zhou,"** defendant, knowingly traveled or cause another to travel in interstate and foreign commerce, and to use facilities of interstate commerce, namely the Internet, cellular telephones, and interstate commercial carriers, with the intent to promote,

manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is a business enterprise involved in prostitution in violation of Texas Penal Code § 43.02 (Prostitution) and Texas Penal Code § 43.04 (Aggravated Promotion of Prostitution), and thereafter performed acts and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3) and 2.

### Count Four

> Violation: 18 U.S.C. §§ 1952(a)(3) and 2
> (Use of Interstate Facility to Promote,
> Manage, Establish, Carry On and Facilitate
> Unlawful Activity)

1. The Grand Jury realleges paragraphs one through sixty-five of Count One of this Indictment, as fully set forth herein.

2. From on or about January 2010 and continuing until the date of this Indictment, in the Eastern District of Texas and elsewhere, **Kim Sey Lau, a.k.a. "John Wang" and "Tony,"** defendant, knowingly caused another to travel in interstate and foreign commerce, and to use facilities of interstate commerce, namely the Internet, cellular telephones, and interstate commercial carriers, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is a business enterprise involved in prostitution in violation of Texas Penal Code § 43.02 (Prostitution) and Texas Penal Code § 43.04 (Aggravated Promotion of Prostitution), and thereafter performed acts and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3) and 2.

## Count Five

> Violation: 18 U.S.C. §§ 1952(a)(3) and 2
> (Use of Interstate Facility to Promote,
> Manage, Establish, Carry On and Facilitate
> Unlawful Activity)

3. The Grand Jury realleges paragraphs one through sixty-five of Count One of this Indictment, as fully set forth herein.

4. On or about February 29, 2013, in the Eastern District of Texas and elsewhere, **Yu Qian, a.k.a. "Maggie,"** defendant, knowingly caused another to travel in interstate and foreign commerce, and to use facilities of interstate commerce, namely the Internet, cellular telephones, and interstate commercial carriers, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, that is a business enterprise involved in prostitution in violation of Texas Penal Code § 43.02 (Prostitution) and Texas Penal Code § 43.04 (Aggravated Promotion of Prostitution), and thereafter performed acts and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

In violation of 18 U.S.C. §§ 1952(a)(3) and 2.

## Count Six

> Violation: 18 U.S.C. §§ 666(a)(2) and 2
> (Bribery Concerning Programs Receiving
> Federal Funds)

1. The Grand Jury realleges paragraphs one through sixty-five of Count One of this Indictment, as fully set forth herein.

2. At all times material to this Indictment, the Plano Police Department was a local government agency that received federal assistance in excess of $10,000 during the one-year period beginning June 2011 and ending June 2012.

3. Detective Brant Hickman was an agent of the Plano Police Department, whose duties included investigating criminal activity in Plano, Texas, including prostitution offenses.

4. From on or about May 1 through on or about May 31, 2012, in the Eastern District of Texas, **Quyen Thuc Ha, a.k.a. "Tony Ha,"** defendant, aided and abetted by others known and unknown to the Grand Jury, did corruptly give, offer and agree to give a thing of value to Detective Brant Hickman, intending to influence and reward Hickman in connection with a series of transactions involving $5,000 or more.

In violation of 18 U.S.C. §§ 666(a)(2) and 2.

### Count Seven

Violation: 18 U.S.C. §§ 666(a)(2) and 2
(Bribery Concerning Programs Receiving
Federal Funds)

1. The Grand Jury realleges paragraphs one through sixty-two of Count One of this Indictment, as fully set forth herein.

2. At all times material to this Indictment, the Dallas Police Department was a local government agency that received federal assistance in excess of $10,000 during the one-year period beginning June 2011 and ending June 2012.

3. Detective Paul Park was an agent of the Dallas Police Department, whose duties including investigating criminal activity in Dallas, Texas, including prostitution offenses.

4. From on or about May 1 through on or about May 30, 2012, in the Eastern District of

Indictment—Page 14

Texas, **Quyen Thuc Ha a.k.a.** "Tony Ha" defendant, aided and abetted by others known and unknown to the Grand Jury, did corruptly give, offer, and agree to give a thing of value to Detective Paul Park, intending to influence and reward Park in connection with a series of transactions involving $5,000 or more.

In violation of 18 U.S.C. §§ 666(a)(2) and 2.

## Notice of Intent to Seek Criminal Forfeiture

### Pursuant to 18 U.S.C. § 982(a)(1) and 28 U.S.C. § 2461

As a result of committing a violation of 18 U.S.C. § 666(a)(2) as charged in this Indictment, the defendants shall forfeit to the United States all property, real or personal, that constitutes or is derived from proceeds traceable to the aforementioned violations, including but not limited to the following:

**Cash Proceeds**

$305,000 in U.S. currency

**Personal Property**

2002 Lexus IS300
VIN: JTHBD192320050660

2002 Honda Accord
VIN: 1HGCG16582A016561

2004 Toyota Tacoma
VIN: 5TESN92N44Z359901

2002 Mitsubishi Lancer
VIN: JA3AJ36E12U075421

2012 Honda Accord
VIN: 1HGCS2B84CA000329

2009 BMW
VIN: WBAWL73509P181412

Indictment—Page 15

2005 Lexus RX330
VIN: JTJGA31U250057979

2013 Mercedes GLK
VIN: WDCGG5HB7DF942783

2005 Honda Civic EX
VIN: 1HGEM22925L049726

**Real Property**

3617 Cromwell Street, Plano, Texas 75075, further described at Dallas North Estates #15-2, Blk 13, Lot 36

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(p) , to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offense alleged in this Indictment, any and all interest the defendants have in the above-described property is vested in and forfeited to the United States.

A TRUE BILL

ᔑW
_____
GRAND JURY FOREPERSON

Indictment—Page 16

JOHN M. BALES
UNITED STATES ATTORNEY

_____

MANDY GRIFFITH
Assistant United States Attorney

SHAMOIL SHIPCHANDLER
Assistant United States Attorney

6/12/13
_____
Date

Indictment—Page 17

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | |
| | § | |
| QUYEN THUC HA (1) | § | 4:13cr |
| a.k.a "Tony Ha" | § | Judge |
| YU LIN CHANG (2) | § | |
| a.k.a "Rica" and "Jennifer" | § | |
| KIM SEY LAU (3) | § | |
| a.k.a. "John Wang" and "Tony" | § | **SEALED** |
| LAI IONG CHIU (4) | § | |
| a.k.a. "Mindy," "Winnie," "Wendy," and | § | |
| "Li Yan Zhou" | § | |
| XIA XU (5) | § | |
| a.k.a. "Coco" | § | |
| YU QIAN (6) | § | |
| a.k.a. "Maggie" | § | |
| LI MENG SHANK (7) | § | |
| PRAPATSON VERHOTZ (8) | § | |
| TIN MIN LO (9) | § | |
| a.k.a. "Gordon" | § | |
| MICHAEL JONES (10) | § | |
| JIA-HER HWANG (11) | § | |
| a.k.a. "Jack" | § | |

## NOTICE OF PENALTY

### Count One

Violation:       18 U.S.C. § 371
Conspiracy to Use Interstate Facility to Promote, Manage, Establish, Carry On and Facilitate Unlawful Activity in violation of 18 U.S.C. § 1952(a)(3)

Penalty:        Imprisonment for not more than five years; a fine not to exceed $250,000, or not more than the greater of twice the gross gain to the defendant; supervised release of not more than three years.

Special Assessment:    $100.00

Counts Two-Five

Violation:    18 U.S.C. §§ 1952(a)(3) and 2
Use of Interstate Facility to Promote, Manage, Establish, Carry On and Facilitate Unlawful Activity

Penalty:    Imprisonment for not more than five years; a fine not to exceed $250,000, or not more than the greater of twice the gross gain to the defendant; supervised release of not more than three years.

Special Assessment:    $100.00

Counts Six-Seven

Violation:    18 U.S.C. §§ 666(a)(2) and 2
Bribery Concerning Programs Receiving Federal Funds

Penalty:    Imprisonment for not more than ten years; a fine not to exceed $250,000, or not more than the greater of twice the gross gain or twice the gross loss to the defendant; supervised release of not more than three years.

Special Assessment:    $100.00